IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA J. HAYES,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner,<br>Social Security Administration,<br><br>    Defendant.<br>_____/ | No. C 06-05720 WHA<br><br>**ORDER GRANTING ATTORNEY'S FEES AND DENYING PLAINTIFF'S REQUEST FOR DIRECT PAYMENT OF FEES** |

**INTRODUCTION**

In this social security appeal, plaintiff moves for an order awarding attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. 2412(d). Plaintiff asserts defendant should pay any EAJA fees award directly to her attorney. In the alternative, plaintiff requests that the Court appoint her the "representative payee" of counsel. Defendant does not dispute plaintiff's entitlement to an award, but challenges the amount of fees claimed by plaintiff and the right of counsel to receive direct payment.

Plaintiff's request for attorney's fees and costs under the EAJA is **GRANTED**. This order finds plaintiff is entitled to recover reasonable attorney's fees in the amount of $5,546.40 and costs in the amount of $374.44. Plaintiff's assignment of the right to collect attorney's fees awarded pursuant to the EAJA is void, however, for failure to comply with the Assignment of Claims Act, 31 U.S.C. 3727. Accordingly, plaintiff's request that the Court order defendant to pay counsel directly is **DENIED**. The request that the Court appoint her the "representative payee" of counsel is also **DENIED**.

**STATEMENT**

On September 19, 2006, plaintiff filed an appeal of an adverse decision from an administrative law judge denying social-security disability benefits. On February 14, 2007, plaintiff filed a summary judgment motion. Before a responsive brief was filed, the parties stipulated to reverse the decision of the administrative law judge and remand the action for further proceedings under sentence four of Social Security Act Section 205(g), 42 U.S.C. 405(g). The Court approved this stipulation on April 2.

Plaintiff then filed the instant motion for attorney's fees and costs under the EAJA, 28 U.S.C. 2412(d)(1)(B). Plaintiff asserts defendant should pay any fees award directly to her attorney. In the alternative, plaintiff requests the Court appoint her the "representative payee" of counsel.

**ANALYSIS**

The EAJA provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought . . . against the United States . . . unless . . . the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. 2412(d)(1)(A). Such fees and costs must be reasonable. 28 U.S.C. 2412(d)(1)(C)) and 2412(d)(2)(A).

**1.    ENTITLEMENT.**

The Supreme Court in *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993), held that a party who wins a sentence-four remand order under 42 U.S.C. 405(g) qualifies as a prevailing party. Applying *Schaefer*, plaintiff became a prevailing party when the Court approved a stipulation to reverse the decision of the administrative law judge and remand the case for further administrative proceedings.

To be substantially justified, "the government's position must have a reasonable basis in law and fact." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir.1998). The government bears the burden of proving its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 403 (2004). Defendant has not tried to show substantial justification. Accordingly,

this order need not address the issue. A district court may also decline to award attorney's fees if it finds that "special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A). Again, defendant has not tried to show "special circumstances." In sum, plaintiff is a prevailing party and the government has failed to plead its position was substantially justified or that special circumstances make an award unjust. Accordingly, plaintiff's request for attorney's fees and costs under the EAJA is **GRANTED**.

### 2. DIRECT PAYMENT OF FEES TO COUNSEL.

The next issue is whether the Court has authority to order the government to pay EAJA fees directly to a prevailing party's counsel. Plaintiff asserts defendant must pay any award directly to counsel. Defendant argues any award should be paid to plaintiff, not plaintiff's attorney.

The Ninth Circuit has not addressed the issue. As observed by Judge Marilyn Hall Patel, however, in *McCarty v. Astrue*, 2007 WL 2601442 at *3 (N.D. Cal. 2007), circuits elsewhere have held an EAJA fee award is made to the prevailing party, not the attorney. *See Panola Land Buying Association v. Clark*, 844 F.2d 1506, 1510–12 (11th Cir. 1988) (holding Congress' intent was to award attorney's fees under the EAJA to the prevailing party and not to its counsel); *Phillips v. General Services Administration*, 924 F.2d 1577, 1582 (Fed. Cir. 1991) (holding that the language of the EAJA requires any fee award be made directly to the prevailing party and counsel cannot directly claim entitlement to the award); *Oguachuba v. INS*, 706 F.2d 93, 97–98 (2d Cir. 1983) (holding that an application for fees under the EAJA must be made in the name of the plaintiff and an attorney's entitlement to fees depends upon the contractual arrangement between the attorney and the plaintiff). Judge Patel also noted that:

> The Supreme Court, the Ninth Circuit, and other Circuits have similarly interpreted other fee-shifting statutes with "prevailing party" language to award attorney's fees directly to the party and not the party's attorney. See *Evans v. Jeff D.*, 475 U.S. 717, 731–732 (1986) (holding that the "prevailing party" language in 42 U.S.C. 1988 indicates Congress intended to bestow an award of attorney's fees directly to the prevailing party); *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th. Cir. 1999) (following *Evans* in holding that 42 U.S.C. 1988 awards attorney's fees directly to the prevailing party and the contract between the

3

> party and his lawyer determines the disposition of the award); see also *U.S. v. McPeck*, 910 F.2d 509, 513 (8th Cir. 1990) ("[W]hen a statute awards attorney's fees to a party, the award belongs to the party, not to the attorney representing the party.").

*McCarty*, 2007 WL 2601442 at *3. *See also Venegas v. Mitchell*, 495 U.S. 82, 110 (1990) (holding that "it is the party, rather than the lawyer" who is eligible for fees under the statute).

*Evans*, *Gilbrook*, and *Venegas* concern fee awards under the Civil Rights Attorney's Fees Act, 42 U.S.C. 1988. The decisions are relevant here because Section 1988 is considered the statutory "counterpart" of the EAJA. *See West Virginia University Hospitals, Inc. v Casey*, 499 U.S. 83, 89 (1991). Moreover, federal "prevailing party" fee-shifting statutes should be interpreted consistently. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983).

In *McCarty*, Judge Patel found that:

> *Panola* provides the most persuasive analysis describing how other provisions of the EAJA rule out the possibility that Congress intended the EAJA to award attorney's fees directly to an attorney. First, the statute defines "fees and expenses" to include attorney's fees alongside costs for other expert witnesses. *See* 28 U.S.C. 2412(D)(2)(A); *Panola*, 844 F.2d at 1511. Congress could not have intended every attorney representing the client or every engineer and scientist acting as an expert witness to be able to seek separate claims for compensation before the court. *See Panola*, 844 F.2d at 1511. The EAJA also requires the prevailing party to submit an application for fees and expenses that includes "an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed." 28 U.S.C. 2412(d)(1)(B). As the court held in *Panola,* this provision "clearly manifests Congress' intent that the prevailing party's [sic] lawyer is not considered to be an applicant under the EAJA." *Panola,* 844 F.2d at 1511.

*McCarty*, 2007 WL 2601442 at *4.

This order recognizes that some awards have been made directly to counsel in special cases. In *Grand Boulevard Improvement Association v. City of Chicago*, 553 F. Supp. 1154, 1169 (N.D. Ill. 1982), Judge Prentice H. Marshall ordered direct payment of EAJA fees to a nonprofit legal services organization. Moreover, in *Wedra v. Thomas*, 623 F. Supp. 272, 278 (S.D. N.Y. 1985), Judge Charles S. Haight stated that it would be "foolish, if not imprudent" to pay EAJA fees to prison inmates — payment should be made directly to counsel.

4

This order agrees with Judge Patel's reasoning in *McCarty*, however, that a prevailing party's request for fees does not, without more, mean counsel has the right to receive direct payment. The ultimate disposition of fees is dependent on the agreement reached between a prevailing party and his or her counsel. An attorney may have a contractual right to fees from plaintiff, but, absent special circumstances, counsel has no right to direct payment of those fees from the government.

Here, this order finds no special circumstances exist to warrant a court order for direct payment to counsel. Plaintiff and her attorney have a contract for the payment of fees. There is no reason to interfere with that contract or the government's liability to the EAJA claimant. Such interference would disrupt the attorney-client relationship and might result in successive and highly burdensome litigation. *See Panola*, 844 F.2d at 1511; *McCarty*, 2007 WL 2601442 at *4.

Nor does the court find the argument for direct payment based on the language of Section 206(b) of Pub. L. 96-481, as amended by Pub. L. 99-80, §3, and codified at 42 U.S.C. 406(b) (the "Savings Clause"), persuasive (Plaintiff's Response 12). Pursuant to the Savings Clause, where a claimant's attorney receives fees for the same work under both the Social Security Act and the EAJA, the attorney must refund to the claimant the amount of the smaller fee. Plaintiff argues that an attorney can *refund* fees only if the government has made payments *directly* to counsel. Plaintiff's argument ignores the possibility of *indirect* payment of fees, *i.e.*, where a client sends payment to counsel *after* receiving an award from the government. Plaintiff's argument also fails to focus on whether attorney's fees are properly awarded to the prevailing party or counsel at first instance.

### 3. PURPORTED ASSIGNMENT OF RIGHT TO COLLECT ATTORNEY'S FEES.

This order turns next to plaintiff's purported assignment of the right to collect attorney's fees awarded pursuant to the EAJA. Plaintiff's retainer agreement with her attorney states that she assigns to counsel "payment of attorney's fees awarded pursuant to the Equal Access to Justice Act" (Plaintiff's Response to Defendant's Sur-Reply 3, Exh. A).

Under the Assignment of Claims Act ("ACA"), an assignment of a claim against the government may be made only *after* a claim is allowed, the *amount* of the claim is decided,

5

and a *warrant* for payment of the claim has been issued. 31 U.S.C. 3727(b). The statute defines assignment to mean: "(1) a *transfer* or assignment of any *part of a claim* against the United States Government or of an *interest in the claim*; or (2) the *authorization to receive payment* for any part of the claim." 31 U.S.C. 3727(a) (emphasis added).

Plaintiff fails to cite any decisions where a court has permitted a pre-award assignment under the ACA. Thus, the ACA represents an immovable obstacle for plaintiff's counsel. The statute simply does not permit plaintiff to assign her interest in the claim against the government until the requirements of 31 U.S.C. 3727(b) are satisfied. Accordingly, this order finds plaintiff's pre-award assignment of the right to collect attorney's fees awarded pursuant to the EAJA void under 31 U.S.C. 3727. The ACA permits only post-award assignments. *See Empire Ordnance Corp. v. United States*, 128 F. Supp. 744, 745 (Ct. Cl. 1955). Thus, plaintiff's request that the Court order defendant to pay counsel directly is **DENIED**.

**4. PAYMENT OF FEES TO PLAINTIFF AS REPRESENTATIVE PAYEE OF COUNSEL.**

In the alternative, plaintiff argues the Court should order defendant to pay plaintiff as the "representative payee" of counsel so as to avoid a potential offset for federally-recoverable debts. Appointing plaintiff as representative payee of counsel requires that plaintiff "transfer . . . a claim against the United States Government . . . or an interest in the claim," which qualifies as an "assignment" under the ACA, 31 U.S.C. 3727(b)(1). As discussed above, such a pre-award assignment is invalid under the ACA. Furthermore, as pointed out by defendant, whether any EAJA award would be subject to administrative offset is speculative at this stage. Certainly, plaintiff provides no evidence that there would be an offset. Accordingly, plaintiff's request that the Court appoint her the "representative payee" of counsel is **DENIED**.

**5. REASONABLENESS OF FEES.**

With respect to the amount, plaintiff seeks $5,773.50 in attorney's fees (33.05 hours at a rate of $174.69/hr) plus $374.44 in costs (Sackett Suppl. Decl. ¶ 4). Defendant does not dispute plaintiff's entitlement to an award, or counsel's hourly rate, but argues that we should award plaintiff only $2,620.35 in fees (15 hours at a rate of $174.69/hr).

In awarding fees, a court must provide a concise but clear explanation of its reasons. "The most useful starting point for determining the amount of a reasonable fee is the number of

6

hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. 424, 433–37 (1983). The resultant figure is commonly referred to as the "lodestar."

### A. NUMBER OF HOURS REASONABLY EXPENDED.

It is plaintiff's burden to document "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved, in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 431.

Plaintiff has submitted detailed declarations demonstrating the 33.05 hours billed by her attorney in this action (Sackett Decl. ¶ 4 and Sackett Suppl. Decl. ¶ 2). Defendant has responded to the declarations by arguing that plaintiff's counsel over-billed. *First*, defendant contends that 2.25 hours are non-compensable. *Second*, defendant claims that plaintiff's attorney wasted 10.75 hours on administrative and collateral matters not directly bearing on the legal issues of this action. *Third*, defendant reasons that 2.8 hours for preparation of the motion and application for EAJA fees and related pleadings is excessive. *Fourth*, defendant states that counsel was not fully responsible for plaintiff prevailing in this action. *Fifth*, defendant asserts that the 16 hours billed for preparation of plaintiff's summary-judgment motion and supporting brief is excessive. *Sixth*, defendant concludes that counsel reasonably expended only 15 hours working on this action. These contentions are examined in turn below.

#### (1) *2.25 Hours Of Allegedly Non-Compensable Work.*

Defendant argues the following eight entries in plaintiff's EAJA petition are non-compensable:

| Date: | Description of work: | Hours: | Commissioner's objections: |
|---|---|---|---|
| 10-03-06 | Email to Judge Alsup. | 0.5 | Ex parte communication with the Court without an explanation of the subject matter of the email. |

| Date: | Description of work: | Hours: | Commissioner's objections: |
|---|---|---|---|
| 10-06-06 | Preparation of Complaint and related documents; email to District Court. | 0.5 | Complaint was filed on 9-18-06. Filing of Certificate of Service was a clerical task and not compensable. |
| 10-12-06 | Reviewed correspondence from U.S. Attorney's Office re: service of Complaint. | 0.15 | Correspondence contained basic and general legal information. |
| 10-13-06 | Reviewed correspondence from Office of Regional Counsel re: service of Complaint. | 0.15 | Same objection as 10-12-06. |
| 11-15-06 | Reviewed email from District Court. | 0.15 | Reviewing the email (Notice of Appearance filed by Assistant Regional Counsel for the Commissioner) should have taken a few seconds, not 9 minutes. Entry in the case file was a clerical task and not compensable. |
| 12-18-06 | Reviewed email from District Court. | 0.15 | Reviewing the email (Notice of Manual Filing of Administrative Transcript) should have taken a few seconds, not 9 minutes. Filing the Notice was a clerical task and not compensable. |
| 12-21-06 | Reviewed Answer; prepared memo to file. | 0.5 | Defendant filed a pro forma Answer, to which Plaintiff filed no objections and no motions for specificity. Counsel should not have taken 30 minutes to review the Answer and prepare a memo. |
| 03-09-07 | Reviewed email re: substitution of counsel; prepared memorandum to file. | 0.15 | Reviewing the email (notice of change of counsel) and noting it in the file should not have taken 9 minutes. Counsel already billed for talking with the new Commissioner's attorney on 03-08-07. Thus, the entry is redundant. |
| | TOTAL | <u>2.25 Hours</u> | |

This order does not agree that the above work was "either clerical in nature or

redundant" (Opp. 4). The sentence "Case development, background investigation and case administration" precedes each of the listed entries. Thus, under the circumstances, this order finds that 2.25 hours is a reasonable expenditure of time and not excessive.

        **(2)**       *10.75 Hours Allegedly Wasted On Administrative And Collateral Matters Not Directly Bearing On The Legal Issues Of This Action.*

Defendant has not specified which hours were wasted on administrative and collateral matters unrelated to the legal issues of this action. Nor has defendant identified which administrative and collateral matters plaintiff's attorney allegedly wasted time on. Accordingly, this order will not reduce the number of compensable hours on this ground.

        **(3)**       *2.8 Hours Preparing The Motion For EAJA Fees And Related Pleadings.*

Plaintiff's attorney admits that he copied much of his motion for EAJA fees from another motion EAJA fees filed by another lawyer in a separate action. Plaintiff's attorney states he expended 2.8 hours preparing the following documents: (1) Notice of Motion and Motion and Application for Award of Attorney's Fees and Costs Under the EAJA; (2) Memorandum of Points and Authorities; (3) Declaration of Harvey P. Sackett in Support of Application for Award of Attorney's Fees and Costs Under the Equal Access to Justice Act; (4) Declaration Re Meet and Confer; (5) Plaintiff's Suggested Findings of Fact and Conclusions of Law; (6) Declaration of Harvey P. Sackett ex rel. Sandra J. Hayes; and (7) Draft Order.

This order finds that documents 1, 4, 5, 6, and 7 are pro forma documents; counsel could have prepared them all in fifteen minutes. Document 2 is around seven pages long and counsel copied around four pages of it. Given counsel's "borrowing," and his extensive experience in social-security disability law, this order finds that he could have drafted it in 45 minutes. Finally, document 3 comprises an itemized bill of counsel's hours, fees, and costs, which counsel could have prepared in thirty minutes. This order finds the time billed for this entry is excessive. Counsel could have completed the work in 1.5 hours. The number of

9

compensable hours will be reduced accordingly.

    **(4)**  *The Role Of Counsel In Winning A Remand.*

  Plaintiff's attorney actually obtained excellent overall results for his client, in that defendant sought to settle and remand the case. This order finds that counsel's efforts were a major factor in the favorable result. Accordingly, we will not reduce the number of compensable hours on this ground.

    **(5)**  *Sixteen Hours Preparing Plaintiff's Summary-Judgment Motion And Supporting Brief.*

Defendant argues in conclusory fashion that the sixteen hours billed for preparation of the summary-judgment motion and supporting brief is excessive given the allegedly routine issues raised in the brief and the relatively short administrative record. This order disagrees and finds that sixteen hours is a reasonable expenditure of time and not excessive.

    **(6)**  *The Number Of Hours Should Be Reduced.*

Based on the foregoing discussion, this order finds that plaintiff is entitled to reimbursement for **31.75 hours**.

  **B.**  **Reasonable Hourly Rate.**

A prevailing party may recover his or her reasonable fees and expenses, but cannot claim attorney's fees "in excess of $125 per hour unless the court determines an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Here, plaintiff seeks an award of attorney's fees calculated at a rate adjusted to account for an increase in the cost-of-living.

In *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001), the Ninth Circuit computed a cost-of-living adjustment by multiplying the basic EAJA rate cap (*i.e.*, $125) by the current Consumer Price Index for Urban Consumers ("CPI-U") for the year the fees were earned, then dividing the product by the CPI-U in the month the statutory rate cap was imposed (*i.e.*, March 1996). The quotient equals the adjusted hourly rate. Under this analysis, plaintiff claims entitlement to attorney's fees at the rate of $174.69 per hour (Sackett Decl. ¶ 4). Defendant does not dispute this amount. Multiplying this hourly rate with the total amount of hours billed, 31.75, yields a lodestar of $5,546.40.

10

**D. Costs**.

Under the EAJA, 28 U.S.C. 2412(a)(1), a district court may also award costs to a prevailing party. Plaintiff's request for costs in the amount of $374.44 is **GRANTED**.

## CONCLUSION

For the foregoing reasons, plaintiff's request for attorney's fees and costs under the EAJA, 28 U.S.C. 2412(d), is **GRANTED**. This order finds plaintiff is entitled to recover reasonable attorney's fees in the amount of $5,546.40 and costs in the amount of $374.44. Plaintiff's assignment of the right to collect attorney's fees awarded pursuant to the EAJA is void, however, for failure to comply with the Assignment of Claims Act, 31 U.S.C. 3727. Accordingly, plaintiff's request that the Court order defendant to pay counsel directly is **DENIED**. Plaintiff's request that the Court appoint her the "representative payee" of counsel is also **DENIED.** Defendant shall pay the above amounts directly to plaintiff.

**IT IS SO ORDERED.**

Dated: March 5, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE